**THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

<table>
<tr>
<td>

CENTER FOR BIOLOGICAL DIVERSITY
1411 K St. NW, Suite 1300
Washington, D.C. 20005

*Plaintiff,*

v.

UNITED STATES DEPARTMENT OF
COMMERCE,
1401 Constitution Ave NW
Washington, DC 20230,

UNITED STATES DEPARTMENT OF
AGRICULTURE
1400 Independence Ave., SW
Washington, DC 20250

*Defendants.*

</td>
<td>

Case No.:

**COMPLAINT FOR DECLARATORY
AND INJUNCTIVE RELIEF**

**(Freedom of Information Act, 5 U.S.C.
§ 552)**

</td>
</tr>
</table>

## INTRODUCTION

1.      In this action brought under the Freedom of Information Act, 5 U.S.C. § 552, as amended

("FOIA"), the Center for Biological Diversity ("Center") – an environmental conservation

organization that works to prevent the extinction of wild species and protect their habitats –

challenges the United States Department of Commerce's ("Commerce Department's") and the

United States Department of Agriculture's ("Agriculture Department's") violations of FOIA.

The Commerce Department and Agriculture Department failed to conduct adequate searches and

to provide records in response to the Center's FOIA requests seeking documents related to the

United States' response to Thailand's ban of three dangerous pesticides: glyphosate, paraquat,

and chlorpyrifos.

1

2.      As of the filing of this complaint, neither the Commerce Department nor the Agriculture Department have produced any records responsive to the Center's FOIA requests.

3.      Prompt access to these records is necessary to effectuate FOIA's purpose of transparency. Thus, the Center seeks from the Court declaratory relief establishing that the Commerce Department and the Agriculture Department have violated FOIA and injunctive relief directing both agencies to conduct an adequate search and to release any improperly withheld records, including all reasonably segregable portions of any lawfully exempt records, without any further delay.

## JURISDICTION AND VENUE

4.      This Court has jurisdiction over this matter pursuant to 5 U.S.C. § 552(a)(4)(B) and 28 U.S.C. § 1331.

5.      Venue is proper in this Court pursuant to 5 U.S.C. § 552(a)(4)(B) and 28 U.S.C. § 1391(e).

6.      Injunctive relief is appropriate under 5 U.S.C. § 552(a)(4)(B) and 28 U.S.C. § 2202. Declaratory relief is appropriate under 28 U.S.C. § 2201.

## PARTIES

7.      Plaintiff CENTER FOR BIOLOGICAL DIVERSITY is a national, non-profit conservation organization with offices throughout the United States.  The Center has more than 81,000 members.  The Center and its members are harmed by the Commerce Department's and the Agriculture Department's violations of FOIA, as such violations preclude the Center from gaining a full understanding of the United States' response to Thailand's ban of the dangerous pesticides glyphosate, paraquat, and chlorpyrifos.  The Commerce Department's and the Agriculture Department's failure to comply with FOIA and the Center's request harms the

Center's ability to provide full, accurate, and current information to the public on a matter of public interest.  Absent this information, the Center cannot advance its mission to protect native species and their habitat.

8.      Defendant UNITED STATES DEPARTMENT OF COMMERCE is a cabinet-level agency within the executive branch of the United States government that supports business growth.  The Commerce Department is in possession and control of the records that the Center seeks, and as such, it is subject to FOIA pursuant to 5 U.S.C. § 552(f).  The Commerce Department is a federal agency responsible for applying and implementing the federal laws and regulations at issue in this complaint.

9.      Defendant UNITED STATES DEPARTMENT OF AGRICULTURE is a cabinet-level agency within the executive branch of the United States government that oversees the American farming industry.  The Agriculture Department is in possession and control of the records that the Center seeks, and as such, it is subject to FOIA pursuant to 5 U.S.C. § 552(f).  The Agriculture Department is a federal agency responsible for applying and implementing the federal laws and regulations at issue in this complaint.

## STATUTORY BACKGROUND

10.     FOIA's basic purpose is government transparency.  FOIA requires federal agencies to release requested records to the public unless one or more specific statutory exemptions applies. 5 U.S.C. § 552(b)(1)-(9).

11.     Within 20 working days of receiving a FOIA request, an agency must determine if it will release the requested records and notify the requester of its determination and the reasons therefore, the right to seek assistance from the FOIA Public Liaison, and the right to appeal an adverse agency determination.  *Id.* § 552(a)(6)(A)(i).

12.     Only in "unusual circumstances" may an agency extend the time to make a final determination by no more than 10 additional working days, but it must provide written notice to the requester setting forth the unusual circumstances for the extension and "the date on which a determination is expected to be dispatched." *Id.* § 552(a)(6)(B)(i).  If the agency provides written notice that the request cannot be processed within the specified time limit, the agency shall provide "an opportunity to limit the scope of the request so that it may be processed within" the statutory time limit or "an opportunity to arrange with the agency an alternative time frame for processing the request or a modified request" and shall make available its FOIA Public Liaison to "assist in the resolution of any disputes between the requester and the agency." *Id.* § 552(a)(6)(B)(ii).

13.     FOIA requires each agency to make reasonable efforts to search for records in a manner that is reasonably calculated to locate records that are responsive to the FOIA request.  *Id.* § 552(a)(3)(C)-(D).

14.     FOIA requires federal agencies to promptly disclose requested records.  *Id.* § 552(a)(3)(A), (a)(6)(C)(i).

15.     In certain limited instances, records may be withheld pursuant to nine specific exemptions.  *Id.* § 552(b)(1)-(9).  These exemptions must be narrowly construed in light of FOIA's dominant objective of disclosure, not secrecy.

16.     FOIA places the burden on the agency to prove that it may withhold responsive records from a requester.  *Id.* § 552(a)(4)(B).

17.     FOIA provides this Court jurisdiction "to enjoin the agency from withholding agency records and to order the production of any agency records improperly withheld from the complainant." *Id.* § 552(a)(4)(B).

## FACTUAL BACKGROUND

### Background to the FOIA Requests

18.     In the fall of 2019, the United States government learned that Thailand may ban three widely used pesticides: glyphosate, paraquat, and chlorpyrifos.

19.     Bayer is a multinational pharmaceutical and chemical company that owns Monsanto, which manufactures glyphosate, the active ingredient in Roundup.  Bayer has glyphosate registrations for domestic use on crops in Thailand.  In October of 2019, Bayer reached out to the United States government, seeking support because it was concerned that Thailand would ban glyphosate.

20.     On October 22, 2019, the Thailand National Hazardous Substance Committee voted to change the hazardous risk category for glyphosate, paraquat, and chlorpyrifos from 3 to 4 (the most hazardous category).  This action would effectively ban imports, including of products with residues, and all domestic use of these three dangerous chemicals.  The change was to take effect on December 1, 2019.

21.     On October 17, 2019, the Under Secretary of Agriculture for Trade and Foreign Agricultural Affairs, Ted A. McKinney, sent a letter to the Prime Minister of Thailand, expressing concern that the country may ban glyphosate.

22.     On October 25, 2019, three days after the vote to ban the chemicals, President Donald J. Trump announced that, effective April 25, 2020, the United States would suspend $1.3 billion worth of duty-free and/or duty-light trade for certain items with Thailand.

23.     From November 3-8, 2019, Secretary of Commerce Wilbur Ross led a business delegation to the Indo-Pacific Business Forum in Bangkok, Thailand, and subsequently to Indonesia and Vietnam.

24.    On or around November 25, 2019, the Department of Agriculture was working on another letter to Thailand about the proposed ban.  This letter has not been released to the public. The individuals at the Department of Agriculture that worked on the letter include, but are not limited to, Secretary Purdue, Ted McKinney, Joby Young (Chief of Staff), and Kristi Boswell (Senior Advisor to the Secretary).

25.    On November 27, 2019, Thailand cancelled its ban on glyphosate and delayed the ban on paraquat and chlorpyrifos until June 1, 2020.

26.    The Center seeks records related to the Secretary of Commerce's involvement in the United States' opposition to Thailand's ban as well as the relationship between the ban and the United States' suspension of duty-free and/or duty-light trade.  In addition, the Center seeks records related to the second letter that the Department of Agriculture sent to Thailand, including the final copy of the letter.

## The Center's FOIA Requests to the Department of Commerce and Department of Agriculture

### DOC-IOS-2020-000451 (Department of Commerce FOIA Request)

27.    On December 31, 2019, the Center submitted a FOIA request to the Department of Commerce via FOIAonline.  In that request, the Center sought:

> From September 1, 2019 to December 1, 2019, the records of communications to or from [Department of Commerce] employee Wilbur Ross mentioning the following keywords: Generalized System of Preference, GSP, tariff, Thailand, Thai, chlorpyrifos, glyphosate, Roundup, paraquat, labor, Hazardous Substances Committee, NHSC, and/or pesticide.

> For this request, the term "records of communications" refers to, but is not limited to, documents, correspondence (including, but not limited to, inter and/or intra-agency correspondence as well as correspondence with entities or individuals outside the federal government), emails, letters, notes, recordings, telephone records, voicemails, telephone notes, telephone logs, text messages, and chat messages.

28.     On December 31, 2019, the Department of Commerce issued an automated electronic mail message through FOIAonline, acknowledging receipt of the FOIA request.  The automated message assigned the FOIA request tracking number DOC-OS-2020-000451.

29.     On January 3, 2020, the Department of Commerce sent the Center an electronic mail message through FOIAonline, stating that the tracking number had changed from DOC-OS-2020-000451 to DOC-IOS-2020-000451.

30.     On January 10, 2020, the Department of Commerce sent the Center an electronic mail message through FOIAonline, notifying the Center that its fee waiver request had been fully granted.

31.     On March 26, 2020, the Department of Commerce sent the Center an electronic mail message through FOIAonline, notifying the Center that its request had been unilaterally modified.  The modified description contained the same custodian, date range, and keywords, but did not include the Center's definition of "records of communications."  This modification was not based on communication with the Center.

32.     On June 23, 2020, after receiving no further communications from the Department of Commerce, the Center sent a letter via electronic mail message to the Department of Commerce Departmental Freedom of Information & Privacy Act Officer, notifying the agency that it had not complied with the FOIA by failing to make a final determination on the Center's FOIA request within FOIA's statutory deadline, requesting an estimated date by which the agency would complete DOC-IOS-2020-000451, and offering to assist in any way.

7

33.     On July 22, 2020, after receiving no additional communications from the Department of Commerce, the Center sent an electronic mail message to the Department of Commerce's Acting Deputy Chief FOIA Officer and Deputy Director of Departmental FOIA/Privacy Act Operations, as well as the Department of Commerce's FOIA email address, again requesting an estimated date of completion for DOC-IOS-2020-000451.

34.     As of the date of this complaint, which is 160 workdays after the 20-day workday determination deadline of January 30, 2020, the Center has received no records and no additional communications from the Department of Commerce regarding the Center's FOIA request.

35.     In connection with the Center's FOIA request, the Department of Commerce has not requested additional information from the Center or notified the Center of any "unusual circumstances" that prevent it from complying with FOIA's deadline for a determination.  5 U.S.C. § 552(a)(6)(A)-(B).

36.     The Department of Commerce's failure to conduct an adequate search for responsive records and failure to provide any and all responsive records to the Center undermines FOIA's primary purpose of transparency and openness in government.

37.     The Center has been required to expend resources to prosecute this action.

**2020-OSEC-04020-F (Department of Agriculture FOIA Request)**

38.     On May 11, 2020, the Center submitted a FOIA request to the Department of Agriculture via electronic mail.  In that request, the Center sought:

> From November 25, 2019 to November 27, 2019 the records of communications to and from [Department of Agriculture] employees:

- Sonny Purdue;

- Ted McKinney;

- Joby Young, and/or

- Kristi Boswell.

Mentioning the keywords:
- Thailand;

- Thai;

- Ag 5 letter to Thailand; and/or

- Glyphosate.

For this request, the term "records of communications" refers to, but is not limited to, documents, correspondence (including, but not limited to, inter and/or intra-agency correspondence as well as correspondence with entities or individuals outside the federal government), emails, letters, notes, recordings, telephone records, voicemails, telephone notes, telephone logs, text messages, chat messages.

39.     On May 12, 2020, the Department of Agriculture sent the Center acknowledgment of its FOIA request via electronic mail. The electronic mail message also notified the Center that its FOIA request had been assigned the following tracking number: 2020-OSEC-04020-F.

40.     On June 10, 2020, the Department of Agriculture sent the Center electronic mail, asking if the Center was willing to exclude "mass mailings" from its FOIA request. Included with the message was a description of the "mass mailings" and examples of "mass mailings."

41.     On June 10, 2020, the Center, via electronic mail, agreed to exclude mass mailings from the search and release, with the caveat that these mailings do not include substantive records responsive to 2020-OSEC-04020-F.

42.     On June 23, 2020, after receiving no further communications from the Department of Agriculture, the Center sent a letter via electronic mail message to the Department of Agriculture

FOIA Officer, notifying the agency that it had not complied with the FOIA by failing to make a final determination on the Center's FOIA request within FOIA's statutory deadline, requesting an estimated date by which the agency would complete 2020-OSEC-04020-F, and offering to assist in any way.

43.     On July 22, 2020, after receiving no additional communications from the Department of Agriculture, the Center sent an electronic mail message to the Department of Agriculture FOIA Officer, again requesting an estimated date of completion for 2020-OSEC-04020-F.

44.     On July 23, 2020, the Center received an electronic mail message from the Department of Agriculture, stating that the Center's request had been reassigned to a different FOIA analyst. The electronic mail message further stated that an automated search of email and skype records had been conducted, but that a manual search of records had not.  Finally, the electronic mail message stated it that was not possible to estimate a specific date for a final response for 2020-OSEC-04020-F.

45.     As of the date of this complaint, which is 69 workdays after the 20-day workday determination deadline of June 9, 2020, the Center has received no records and no additional communications from the Department of Agriculture regarding the Center's FOIA request.

46.     In connection with the Center's FOIA request, the Department of Agriculture has not requested additional information from the Center or notified the Center of any "unusual circumstances" that prevent it from complying with FOIA's deadline for a determination.  5 U.S.C. § 552(a)(6)(A)-(B).

47.     The Department of Agriculture's failure to conduct an adequate search for responsive

records and failure to provide any and all responsive records to the Center undermines FOIA's

primary purpose of transparency and openness in government.

48.     The Center has been required to expend resources to prosecute this action.

## CLAIMS FOR RELIEF

### FIRST CLAIM FOR RELIEF
### VIOLATION OF THE FREEDOM OF INFORMATION ACT

#### Failure to Conduct Adequate Searches

COUNT ONE: The Department of Commerce Failed to Conduct Adequate Searches for Records
Responsive to the Center's FOIA Request.

49.     Plaintiff re-alleges and incorporates by reference the allegations made in all preceding

paragraphs.

50.     The Center has a statutory right to have the Department of Commerce process its FOIA

request in a manner that complies with FOIA.  5 U.S.C. § 552(a)(3).

51.     The Department of Commerce violated the Center's rights in this regard when it

unlawfully failed to undertake a search that is reasonably calculated to locate all records that are

responsive to the Center's FOIA request.

52.     Based on the nature of the Center's organizational activities, it will undoubtedly continue

to employ FOIA's provisions in record requests to the Department of Commerce in the

foreseeable future.

53.     The Center's organizational activities will be adversely affected if the Department of Commerce continues to violate FOIA's requirement to undertake a search that is reasonably calculated to locate records that are responsive to the Center's FOIA request.

54.     Unless enjoined and made subject to a declaration of the Center's legal rights by this Court, the Department of Commerce will continue to violate the Center's rights to receive public records under FOIA.

COUNT TWO: The Department of Agriculture Failed to Conduct Adequate Searches for Records Responsive to the Center's FOIA Request.

55.     Plaintiff re-alleges and incorporates by reference the allegations made in all preceding paragraphs.

56.     The Center has a statutory right to have the Department of Agriculture process its FOIA request in a manner that complies with FOIA.  5 U.S.C. § 552(a)(3).

57.     The Department of Agriculture violated the Center's rights in this regard when it unlawfully failed to undertake a search that is reasonably calculated to locate all records that are responsive to the Center's FOIA request.

58.     Based on the nature of the Center's organizational activities, it will undoubtedly continue to employ FOIA's provisions in record requests to the Department of Agriculture in the foreseeable future.

59.     The Center's organizational activities will be adversely affected if the Department of Agriculture continues to violate FOIA's requirement to undertake a search that is reasonably calculated to locate records that are responsive to the Center's FOIA request.

60.     Unless enjoined and made subject to a declaration of the Center's legal rights by this

Court, the Department of Agriculture will continue to violate the Center's rights to receive public

records under FOIA.

## SECOND CLAIM FOR RELIEF
## VIOLATION OF THE FREEDOM OF INFORMATION ACT

### Failure to Promptly Disclose Responsive Records

COUNT ONE: The Department of Commerce Failed to Promptly Disclose and Continues to
Improperly Withhold Records Responsive to the Center's FOIA Request.

61.     Plaintiff re-alleges and incorporates by reference the allegations made in all preceding

paragraphs.

62.     The Department of Commerce violated FOIA and the Department of Commerce's

implementing regulations for FOIA by failing to promptly disclose records that are responsive to

the Center's FOIA request.

63.     None of FOIA's statutory exemptions apply to the records that the Center seeks.

64.     The Center has a statutory right to the records it seeks.

65.     Based on the nature of the Center's organizational activities, it will undoubtedly continue

to employ FOIA's provisions in record requests to the Department of Commerce in the

foreseeable future.

66.     The Center's organizational activities will be adversely affected if the Department of

Commerce continues to violate FOIA's disclosure provisions as it has in this case.

67.     Unless enjoined and made subject to a declaration of Plaintiff's legal rights by this Court, the Department of Commerce will continue to violate Plaintiff's rights to receive public records under FOIA.

COUNT TWO: The Department of Agriculture Failed to Promptly Disclose and Continues to Improperly Withhold Records Responsive to the Center's FOIA Request.

68.     Plaintiff re-alleges and incorporates by reference the allegations made in all preceding paragraphs.

69.     The Department of Agriculture violated FOIA and the Department of Agriculture's implementing regulations for FOIA by failing to promptly disclose records that are responsive to the Center's FOIA request.

70.     None of FOIA's statutory exemptions apply to the records that the Center seeks.

71.     The Center has a statutory right to the records it seeks.

72.     Based on the nature of the Center's organizational activities, it will undoubtedly continue to employ FOIA's provisions in record requests to the Department of Agriculture in the foreseeable future.

73.     The Center's organizational activities will be adversely affected if the Department of Agriculture continues to violate FOIA's disclosure provisions as it has in this case.

74.     Unless enjoined and made subject to a declaration of Plaintiff's legal rights by this Court, the Department of Agriculture will continue to violate Plaintiff's rights to receive public records under FOIA.

**THIRD CLAIM FOR RELIEF**
**VIOLATION OF THE FREEDOM OF INFORMATION ACT**

**Failure to Provide Reasonably Segregable Portions of Any Lawfully Exempt Records**

COUNT ONE: The Department of Commerce Failed to Provide Reasonably Segregable Portions of Any Lawfully Exempt Records.

75.     Plaintiff re-alleges and incorporates by reference the allegations made in all preceding paragraphs.

76.     The Center has a statutory right to any reasonably segregable portion of a record that contains information that is subject to any of FOIA's exemptions.  5 U.S.C. § 552(b).

77.     The Department of Commerce violated the Center's rights in this regard by unlawfully withholding reasonably segregable portions of any lawfully exempt records that are responsive to the Center's FOIA request.

78.     Based on the nature of the Center's organizational activities, it will undoubtedly continue to employ FOIA's provisions in record requests to the Department of Commerce in the foreseeable future.

79.     The Center's organizational activities will be adversely affected if the Department of Commerce is allowed to continue violating FOIA's disclosure provisions as it has in this case.

80.     Unless enjoined and made subject to a declaration of the Center's legal rights by this Court, the Department of Commerce will continue to violate the Center's rights to receive public records under FOIA.

COUNT TWO: The Department of Agriculture Failed to Provide Reasonably Segregable Portions of Any Lawfully Exempt Records.

81.     Plaintiff re-alleges and incorporates by reference the allegations made in all preceding paragraphs.

15

82.     The Center has a statutory right to any reasonably segregable portion of a record that contains information that is subject to any of FOIA's exemptions.  5 U.S.C. § 552(b).

83.     The Department of Agriculture violated the Center's rights in this regard by unlawfully withholding reasonably segregable portions of any lawfully exempt records that are responsive to the Center's FOIA request.

84.     Based on the nature of the Center's organizational activities, it will undoubtedly continue to employ FOIA's provisions in record requests to the Department of Agriculture in the foreseeable future.

85.     The Center's organizational activities will be adversely affected if the Department of Agriculture is allowed to continue violating FOIA's disclosure provisions as it has in this case.

86.     Unless enjoined and made subject to a declaration of the Center's legal rights by this Court, the Department of Agriculture will continue to violate the Center's rights to receive public records under FOIA.


**FOURTH CLAIM FOR RELIEF:**
**VIOLATION OF THE FREEDOM OF INFORMATION ACT**

**Failure to Provide a Determination on the FOIA Requests**

COUNT ONE: The Department of Commerce Failed to Provide a Determination on the Center's FOIA Request.

87.     Plaintiff re-alleges and incorporates by reference the allegations made in all preceding paragraphs.

88.     The Department of Commerce violated FOIA by failing to make a timely determination on the Center's FOIA request.  5 U.S.C. § 552(a)(6)(A)(i).

16

89.     The Center has a statutory right to receive a determination from the Department of Commerce, as well as to promptly receive the underlying records it seeks.

90.     The Department of Commerce has still not given the Center a determination on its FOIA request that either describes the scope of the records it intends to produce or withhold and the reasons for withholding any records or informs the Center that it may appeal any specific adverse determination within the relevant time periods in 5 U.S.C. § 552(a)(6)(A)(i) or 5 U.S.C. § 552(a)(6)(B).  *See also* 5 U.S.C. § 552(a)(7).

91.     Based on the nature of the Center's organizational activities, it will undoubtedly continue to employ FOIA's provisions in record requests to the Department of Commerce in the foreseeable future.

92.     The Center's organizational activities will be adversely affected if the Department of Commerce continues to violate FOIA's requirement to provide a lawful determination on the Center's FOIA request.

93.     Unless enjoined and made subject to a declaration of the Center's legal rights by this Court, the Department of Commerce will continue to violate the Center's rights to receive public records under FOIA.

COUNT TWO: The Department of Agriculture Failed to Provide a Determination on the Center's FOIA Request.

94.     Plaintiff re-alleges and incorporates by reference the allegations made in all preceding paragraphs.

95.     The Department of Agriculture violated FOIA by failing to make a timely determination on the Center's FOIA request.  5 U.S.C. § 552(a)(6)(A)(i).

96.     The Center has a statutory right to receive a determination from the Department of Agriculture, as well as to promptly receive the underlying records it seeks.

97.     The Department of Agriculture has still not given the Center a determination on its FOIA request that either describes the scope of the records it intends to produce or withhold and the reasons for withholding any records or informs the Center that is may appeal any specific adverse determination within the relevant time periods in 5 U.S.C. § 552(a)(6)(A)(i) or 5 U.S.C. § 552(a)(6)(B).  *See also* 5 U.S.C. § 552(a)(7).

98.     Based on the nature of the Center's organizational activities, it will undoubtedly continue to employ FOIA's provisions in record requests to the Department of Agriculture in the foreseeable future.

99.     The Center's organizational activities will be adversely affected if the Department of Agriculture continues to violate FOIA's requirement to provide a lawful determination on the Center's FOIA request.

100.    Unless enjoined and made subject to a declaration of the Center's legal rights by this Court, the Department of Agriculture will continue to violate the Center's rights to receive public records under FOIA.


## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays that this Court:

A.      Order Defendants to respond to Plaintiff's FOIA requests as required by the FOIA.

B.      Order Defendants to conduct a search that is reasonably calculated to locate all records responsive to each of Plaintiff's FOIA requests, and to provide Plaintiff with all responsive records and reasonably segregable portions of lawfully exempt records sought in this action.

C.      Declare that Defendants' failure to undertake a search that is reasonably calculated to locate all records that are responsive to Plaintiff's FOIA requests, as alleged above, is unlawful under FOIA, 5 U.S.C. § 552(a)(6)(A)(i).

D.      Declare that Defendants' failure to provide Plaintiff with reasonably segregable portions of records which may be lawfully subject to a FOIA exemption, as alleged above, is unlawful under FOIA, 5 U.S.C. § 552(a)(8).

E.      Declare that Defendants' failure to timely make a determination on Plaintiff's FOIA requests is unlawful under FOIA, 5 U.S.C. § 552(a)(6)(A)(i).

F.      Award Plaintiff its costs and reasonable attorney fees pursuant to 5 U.S.C. § 552(a)(4)(E).

G.      Grant such other and further relief as the Court may deem just and proper.


DATED: September 16, 2020              Respectfully submitted,

                                      */s/ William J. Snape, III*
                                      William J. Snape, III (D.C. Bar No. 455266)
                                      Center for Biological Diversity
                                      1411 K Street, NW, Suite 1300
                                      Washington, DC 20005
                                      (202) 536-9351 (cell)
                                      (202) 274-4443 (land)
                                      wsnape@wcl.american.edu

                                      *Attorney for Plaintiff*

19